# HUTCHINS *v.* BRACKETT & *a.*

Contractors for the transportation of the public mail, are not liable in assumpsit for money inclosed in a way letter, and lost by the neglect of the mail carrier employed by them on their route.

ASSUMPSIT, against the defendants as common-carriers, for neglecting to carry and deliver at the post-office in Lisbon, one hundred dollars, which the plaintiff, on the 29th of May, 1846, delivered to them at Bath, in a letter directed to Henry Hall of Northumberland, to be carried and delivered at the post-office in Lisbon.

Plea, the general issue.

The defendants were proprietors of the mail coach, from Bath to Littleton, which was driven for them by one William P. Smith, who was employed by them for that purpose. The defendants had the contract under the Government, for carrying the mail

on that route.   On the 29th of May, 1846, the plaintiff inclosed one hundred dollars in a letter directed to Col. Henry Hall, of Northumberland, N. H., intending to put it in the post-office at Bath, to go by the mail of that day.   He carried the letter to the post-office at Bath, and found the mail closed ; so that the letter could not be mailed at the office, to go that day.   William P. Smith, was at the post-office door, on the box of his coach, ready to start with the mail, which had been delivered to him from the post-office.   The plaintiff gave the letter containing the one hundred dollars to Smith, who immediately drove off on his mail route, with the letter and with the public mail.

There was no evidence to show what directions were given, if any, by the plaintiff to Smith, when the letter was delivered ; nor whether Smith made any express promise or undertaking respecting the letter or money.

The next post-office on Smith's route, from Bath towards Northumberland, was at Lisbon, about six miles distant.   There was no payment of any money to Smith, nor any offer or request to pay for the carriage of the letter and money.

It was agreed, for the purposes of this case, that neither the letter nor money was delivered by Smith at the post-office in Lisbon, or at any other post-office, or to any party to whom it belonged, or in any way accounted for.

The case was submitted to the court on the foregoing statement of facts, agreed to by the parties.

*S. H. Goodall*, for the plaintiff.

*Hibbard*, for the defendants.

PERLEY, J.   The counsel for the defendants have contended that Smith, the carrier of the mail, was prohibited by the post-office laws of the United States, from receiving the letter in question at the post-office in Bath, under the circumstances stated in this case, to be carried to the next post-office ; and that consequently, the receiving and carrying of the letter being in violation of the law, no action can be maintained on the con-

tract relied on by the plaintiff. We do not find it necessary to determine this point, and shall take it for granted that Smith had a right to take the letter at Bath, under the circumstances stated in the case, and carry it to the post-office at Lisbon, and that in receiving the letter to be so carried, he was acting according to his duty, under the post-office laws.

There is no evidence stated of any express contract to carry, or of any particular instructions by the plaintiff. But Smith was the carrier of the mail; he was starting, when he received the letter, on the route with the mail; it was his duty to receive a way-letter and deposit it in the next post-office, and it was a violation of his duty, for which he was punishable by fine, to carry the letter beyond the next office. It may, therefore, well be presumed in the absence of proof to the contrary, that the plaintiff delivered, and Smith received the letter to be carried and put in the next post-office, and that it was the duty of Smith so to carry and deliver the letter.

The general question then arises, whether contractors for the transportation of the public mails are liable in assumpsit for the neglect of mail carriers, employed by them on their routes, to carry and deliver way-letters, according to their duty and the regulations of the post-office.

The leading case on this subject is *Lane* v. *Cotton & a.*, decided in 1701, and reported 1 Ld. Raymond, 646, 12 Modern, 472, and 1 Salkeld, 17. That action was case against the defendants as postmaster-general of England, for negligence in the execution of their office, by which a letter containing divers exchequer bills of the plaintiff, being delivered into the office at London, to be sent by post to Worcester, was opened in the office, and the exchequer bills inclosed taken away.

It appeared, in a special verdict, that a letter of the plaintiff's containing eight exchequer bills, was deposited in the post-office in London, which was in charge of the defendants' deputy, and the letter opened in the office, by some person unknown, and the bills taken away.

It was held by three judges, against an elaborate dissenting opinion of Lord Holt, that the defendants were not liable for the

defaults of the other officers and agents of the post-office ; on the ground that the post-office was an institution of the Government, established and regulated by law ; that all the officers and agents of the post-office, were officers and agents of the Government, and not the agents and servants of the postmaster ; that no contract was made by the postmaster, or any officer or agent of the post-office, with those who use the public accommodation of the office ; that each officer and agent was liable in a proper form of action to any individual who had suffered by his neglect of duty ; but that no officer or agent was liable for the default of another. It is related by Lord Campbell, in his Lives of the Chief Justices, Vol. 2, page 141, as a remarkable instance of the overwhelming weight of Lord Holt's opinion, even when in the wrong, that in this case of *Lane* v. *Cotton & a.*, the defendants, notwithstanding the judgment of the court in their favor, were so alarmed by the threat of a writ of error, that they paid the whole demand.

The same point was incidentally discussed in *Rowning* v. *Goodchild*, 2 W. Blackstone, 906, but does not appear to have been drawn directly in question again, until the case of *Whitfield* v. *Lord LeDespenser*, Cowper, 754, decided in 1778, in which the doctrine of *Lane* v. *Cotton & a.*, was confirmed, and the point appears never to have been questioned since in England.

The doctrine of these English cases has been recognized in this country, and applied to the post-office establishment of the United States. *Dunlop* v. *Monroe*, 7 Cranch, 242 ; *Schroyer* v. *Lynch*, 8 Watts, 453 ; *Conwell* v. *Voorhees*, 13 Ohio Rep. 523.

In *Conwell* v. *Voorhees*, it was decided that a mail contractor is not liable to the owner of a letter containing money, transmitted by mail, and lost by the carelessness of the contractor's agent in carrying the mail.

That action was case, and the declaration alleged that the plaintiff put in the post-office, at Liberty, a letter containing four hundred dollars, directed to Cincinnati ; that the letter came to the possession of the defendants as mail carriers, and was lost by their negligence.

---

---

The letter was lost from the mail carried by a coachman employed by the defendants. The court say, "A mail carrier has no contract with those who transmit articles by the public mail; he receives no fee or reward from them. His contract is with the government of the United States, for the performance of acts in the execution of a public function; he is remunerated by the government. So far then as the transmission of the mail is concerned, a mail carrier is a public agent, and as such only responsible. Hence, the defendants, being public agents, are not responsible for the negligence or misfeasance of the drivers."

We are not able to distinguish *Conwell* v. *Voorhees* from this case. Smith could not lawfully carry the letter, except as a way-letter in the mail, and as the agent of the post-office. It can make no difference whether he carried the letter in the mail bag, or, as a way-letter, in his pocket. In both cases the mail carrier acts as a public agent, in the discharge of a public duty, and not as the mere servant of the contractor, who employs him. He takes an oath for the faithful discharge of his duty, and is subject by law, to various penalties for violation of it. Act of Congress, March 3, 1825; United States Statutes, 103, 104, 106, and 107.

We are therefore of opinion, that the defendants cannot be charged in this action, because they are not liable for the defaults of Smith, their subordinate public agent in the post-office. Smith would himself be liable, if the plaintiff had suffered from his negligence in the discharge of his duty, as carrier of the mail; but not in this form of action, as no contract is implied on the part of the post-office department, or any of its officers or agents, with individuals who send letters or money through the office. There must be

*Judgment for the defendants.*